# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**HEELING SPORTS LIMITED,**

                **Plaintiff,**

**-vs-**                              **Case No.  6:08-cv-567-Orl-22DAB**

**EBRAHEEM HUSNI ALSAMADI and
HUSNI DAWUD ALSAMADI,**

                **Defendants.**

_____

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION FOR DEFAULT AGAINST EBRAHEEM HUSNI ALSAMADI and HUSNI DAWUD ALSAMADI (Doc. No. 49)** |
| **FILED:** | **May 30, 2008** |
| | _____ |
| | **THEREON** it is **ORDERED** that the motion is **DENIED**. |

Plaintiff Heeling Sports Limited is suing Defendants Ebraheem Husni Alsamadi and Husni Dawud Alsamadi for patent infringement, alleging that they are selling knockoffs of Plaintiff's patented "Heelys" skates.  Doc. No. 1.  On April 18, 2008, Plaintiff served Defendants with the Amended Complaint.  Doc. No. 49.  Defendants' Answer was due on May 5, 2008.  Doc. No. 49. Defendants did respond to the initial Complaint, but have not responded to the Amended Complaint.

Plaintiff now seeks to take a default against Defendants pursuant to Federal Rule of Civil Procedure 55(a) for Defendants' failure to timely file an Answer to the Amended Complaint following the Court's severance of the claims against several parties.  Doc. No. 44.  Because Defendants had already appeared in the case and filed an Answer to the Complaint[1], entry of default by the Clerk under Rule 55(a) is inapplicable, and the issue is governed by a different provision of Rule 55, which places within the Court's discretion whether a default judgment is appropriate under the circumstances.  *See* Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 2686 (1998) (discussing Rule 55(b)(2)).  The general policy is that "whenever there is doubt whether a default should be entered, the court ought to allow the case to be tried on the merits." Wright & Miller § 2682.

Defendants are proceeding *pro se* and are unfamiliar with the Rules.  For this reason, Plaintiff's Motion for Default is **DENIED**.  Because the Court has authority to enter a default judgment against Defendants for noncompliance with the rules or a court order[2], Defendants are **ORDERED** to file their answers to the Amended Complaint **by July 11, 2008**.  Defendants are **admonished** that failure to timely file the answer to the Amended Complaint will constitute non-compliance with a court order, and may result in entry of **DEFAULT** against Defendants.

**DONE** and **ORDERED** in Orlando, Florida on June 25, 2008.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

---

[1]Doc. Nos. 13, 21, filed December 27, 2007.

[2]*See* Wright & Miller § 2682.

Copies furnished to:

Counsel of Record
Defendant Ebraheem Husni Alsamadi
Defendant Husni Dawud Alsamadi